IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23-45-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| BRYAN MICHAEL BALOG, | |
| Defendant. | |

Defendant Bryan Michael Balog moves unopposed for a third time to continue his trial date and all attendant deadlines. (Doc. 25.) He has waived his speedy trial rights through June 14, 2024. (Doc. 26.)

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or

1

complex would nonetheless deny counsel the reasonable time necessary for effective preparation. § 3161(h)(7)(B)(i), (ii), (iv). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, Balog seeks a continuance to obtain an evaluation and potential expert testimony from Montana Neuropsychological Associates and to continue to evaluate possible legal grounds for motions. (*See* Doc. 25 at 2.) A limited continuance is therefore warranted to prevent a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i), and to permit the parties reasonable time necessary for effective preparation, *id.* § 3161(h)(7)(B)(iv).

Accordingly, IT IS ORDERED that the defendant's unopposed motion (Doc. 25) is GRANTED as follows:

(1) The previous trial date and deadlines (*see* Docs. 17, 20, 24) are VACATED.

(2) The following schedule shall govern further proceedings in this matter:

- Trial Date[1]: **June 3, 2024, at 9:00 a.m.**
  Russell Smith Courthouse

---

[1] **Counsel shall appear in chambers a half hour before the scheduled trial.**

2

|   | | Missoula, Montana |
|---|---|---|
| • | Motion deadline: | May 1, 2024 |
| • | Expert disclosure deadline: | May 1, 2024 |
| • | Plea agreement deadline: | May 23, 2024 |
| • | JERS deadline: | May 28, 2024 |
| • | Jury instructions and trial briefs deadline: | May 29, 2024 |

This schedule must be strictly adhered to by the parties.  The November 8, 2023 Scheduling Order (Doc. 13) shall remain in full force and effect in all other respects.  **No further continuances will be granted.**

IT IS FURTHER ORDERED that the time between April 29, 2024, and June 3, 2024, is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7)(B).

DATED this *12* day of March, 2024.

_____
Donald W. Molloy, District Judge
United States District Court